UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 06-CR-307 (JRT/SRN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michael Allen Shofner(2), | |
| Defendant. | |

Steven Schleicher, Esq., Assistant U.S. Attorney, on behalf of Plaintiff

Scott Tilsen, Esq., on behalf of Defendant

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter comes before the undersigned United States Magistrate Judge on Defendant Michael Allen Shofner's Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 36). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.  BACKGROUND

A superseding Indictment was filed on December 20, 2006, charging Defendant Michael Allen Shofner with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), and one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Doc. No. 28.)

No witnesses testified at the criminal motions hearing. The application, affidavit, search warrant, and receipt and inventory return for a residence in Coon Rapids, Minnesota was received as Government Exhibit 1. This matter is set for trial before United States District Judge John R. Tunheim on March 19, 2007.

**II.    FACTS**

The search warrant affidavit avers that, in October 2006, William Steiner, a police officer with the Coon Rapids Police Department, met with a confidential informant ("CI") regarding the purchase of methamphetamine from a residence in Anoka County. (Search Warrant App. and Aff., Govt. Ex. 1.) The CI proceeded to contact the suspected methamphetamine dealer by telephone and arranged to purchase a quantity of methamphetamine. (Id.) Prior to setting out to purchase this methamphetamine, the CI's vehicle and person were searched, and Officer Steiner provided the CI with prerecorded United States currency and an audio transmitter. (Id.)

Officer Steiner followed the CI to a residence where the CI made contact with the suspected methamphetamine dealer. (Id.) The CI was told by the suspected methamphetamine dealer that they had to acquire the methamphetamine at an address in Coon Rapids. (Id.) The CI paid the suspected methamphetamine dealer with the prerecorded currency and both the suspected methamphetamine dealer and the CI proceeded to the Coon Rapids address in the CI's vehicle. (Id.) Officer Steiner and other members of the Anoka Hennepin Drug Task Force ("AHDTF") followed them to the Coon Rapids address. (Id.)

Upon arrival at the Coon Rapids address, the CI waited outside, and the suspected methamphetamine dealer entered the residence. (Id.) After a short time, the suspected

methamphetamine dealer returned to the CI's car, and the CI drove them back to the location in Anoka County where they originally met. (Search Warrant App. and Aff., Govt. Ex. 1.) After dropping off the suspected methamphetamine dealer, the CI drove to a predetermined location to meet with law enforcement officers. (Id.)

At this meeting, the CI produced a quantity of a substance that field tested positive for methamphetamine. (Id.) In addition, the CI told Officer Steiner that the suspected methamphetamine dealer purchased the methamphetamine at the Coon Rapids address; however, the CI did not know the identity of the seller. (Id.)

As a result of a separate investigation, Officer Steiner knew that Defendant Michael Allen Shofner resided at the address in Coon Rapids. (Id.) He had also received information from various confidential informants that Shofner was involved in high volume methamphetamine distribution. (Id.) In the affidavit, Officer Steiner recalled that, on April 3, 2006, he executed a search warrant at Defendant's previous residence and seized a small amount of methamphetamine and a twelve gauge shotgun. (Id.) The seizure of the methamphetamine resulted in Defendant facing a fifth degree controlled substance possession charge. (Id.)

On September 15, 2006, Officer Steiner obtained the curbside trash from the Coon Rapids address. (Id.) A search of this trash yielded small baggies, two of which contained residue that field tested positive for methamphetamine, and one larger baggie containing a measurable amount of a substance that field tested positive for methamphetamine. (Id.) Steiner contacted the garbage service provider at the Coon Rapids address, and learned that the service at the address was being billed to Defendant. (Id.)

On October 26, 2006, Agent Warren Adamson of the United States Drug Enforcement Administration informed Officer Steiner that, within the previous 24 hours, a confidential reliable informant advised him that he/she was at the Coon Rapids address under surveillance and viewed Defendant in possession of a large quantity of methamphetamine. (Search Warrant App. and Aff., Govt. Ex. 1.) At 2:30 p.m. on the same day, Officer Steiner and other members of the Coon Rapids Police stopped two vehicles which they observed leaving the address. (Id.) Both stops yielded approximately one ounce of methamphetamine, and the second stop also recovered a large amount of cash. (Id.) Later that day, Officer Steiner applied for a warrant to search both the Coon Rapids residence and the person of Defendant. (Id.) The warrant was issued and executed that same day. (Id.) During the course of their search, the police recovered drug paraphernalia and suspected methamphetamine, along with other evidence. (Id.)

Defendant has filed a motion to suppress the evidence seized.

### III.   MOTION TO SUPPRESS EVIDENCE SEIZED

Defendant moves the Court to suppress the evidence obtained at the apartment on the grounds that the affidavit supporting the search warrant failed to set forth probable cause to support its issuance. (Def.'s Mot. Dismiss at 1.) The Government argues that the affidavit does set forth probable cause, and, therefore, the search pursuant thereto was lawful. (Govt.'s Mem. Opp. Mot. Dismiss. at 3-5.)

To evaluate Defendant's contention, the Court turns to the inquiry of whether the "four corners" of the warrant affidavit supplied a substantial basis for concluding evidence of wrongdoing would be found in the place to be searched. (Id.) Specifically, the search warrant application sought authority to seize evidence related to narcotics dealing, including controlled substances and firearms. (Search

4

Warrant App. and Aff., Govt. Ex. 1.)

"It is well-established that courts may *not* look to facts outside the affidavit in determining the existence of probable cause," United States v. Martin, 833 F.2d 752, 757 (8th Cir. 1987) (Lay, C.J., concurring), cert. denied, 494 U.S. 1070 (1990); rather, "only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." United States v. Etheridge, 165 F.3d 655, 656 (8th Cir. 1999)(internal citation omitted).

"Probable cause exists if, based upon a common-sense consideration of all the circumstances set forth in the supporting affidavit, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Curry, 911 F.2d 72, 75 (8th Cir. 1990) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). "The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." Zurcher v. Stanford Daily, 436 U.S. 547, 556 (1978).

Importantly, "[f]inely-tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the magistrate's decision" as to whether a showing of probable cause has been met. Illinois v. Gates, 462 U.S. 213, 235 (1983). Rather, "'in dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" Id. at 231 (citations omitted).

"[T]he preference for warrants is most appropriately effectuated by according great deference to a magistrate's determination" as to the existence of probable cause. United States v. Leon, 468 U.S.

5

897, 914 (1984)(internal citation omitted); accord Gates, 462 U.S. at 236-37.  In this regard, this Court does not make a de novo review of the sufficiency of the affidavit.  Gates, 462 U.S. at 236; accord United States v. Reivich, 793 F.2d 957, 959 (8th Cir. 1986) ("[A] district court should not make a de novo determination of probable cause . . . .").  Rather, "the decision to issue the warrant is to be upheld if supported by substantial evidence in the record," Reivich, 793 F.2d at 959, or, in other words, "so long as the [issuing Judge] had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing." Gates, 462 U.S. at 236.  Moreover, a court "may properly rely on normal inferences drawn by the surrounding circumstances and the allegations of facts contained in the affidavit." United States v. Carlson, 697 F.2d 231, 238 (8th Cir. 1983).

"[W]hen an affidavit is based in substantial part on information from an informant, the informant's reliability, veracity, and basis of knowledge are relevant considerations–but not independent, essential elements–in finding probable cause." Reivich, 793 F.2d at 959 (citing Gates, 462 U.S. at 230); accord, e.g., United States v. LaMorie, 100 F.3d 547, 553 (8th Cir. 1996).  The information from a CRI is sufficiently reliable if it is corroborated by other evidence, or if the informant has a history of providing reliable information.  United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993).  In the end, these considerations "should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question" of whether in the totality of the circumstances the issuing Judge had a substantial basis for concluding that probable cause existed. Gates, 462 U.S. at 230, 236.

Officer Steiner's affidavit sets forth incriminating evidence observed by confidential informants, Officer Steiner's personal observations, and facts gathered by other officers involved in the investigation

of narcotics trafficking at that Coon Rapids address, all of which fully support the conclusion that narcotics trafficking was occurring at that address. The affidavit identifies Defendant as the resident of the Coon Rapids address. In addition, it reports that Officer Steiner seized methamphetamine from Defendant's previous residence while executing a search warrant there. Next, it sets forth reports from various confidential informants that Defendant was involved in high volume methamphetamine trafficking.

Moreover, the affidavit describes a drug purchase at the residence in question. A confidential informant met a suspected methamphetamine dealer at a separate location, transported this individual to the residence identified in the search warrant, and reported that the individual in question purchased methamphetamine there. The confidential informant's report that the residence housed a methamphetamine trafficking operation was corroborated by later police investigation. The affidavit sets forth how the subsequent investigation of the residence revealed that garbage collected curbside included baggies of various sizes containing residue and substances that tested positive for methamphetamine. Finally, the affidavit reports how, in response to a tip from a confidential reliable informant that a large quantity of methamphetamine was present in the residence under surveillance, the police stopped two vehicles leaving the residence and discovered approximately one ounce of methamphetamine in each vehicle.

The Court finds that the challenged search warrant was issued on more than sufficient probable cause that the drug trafficking-related items to be searched for would be found at the residence in question and on Defendant's person. Accordingly, the Court recommends that Defendant's motion to suppress be denied.

**THEREFORE, IT IS HEREBY RECOMMENDED that:**

    **1.**    Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 36) be **DENIED**.

Dated: February 21, 2007

        s/ Susan Richard Nelson

    SUSAN RICHARD NELSON
    United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by **March 8, 2007,** after being served with a copy thereof. The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.